FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

02 SEP 25 PM 1:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| OSMOND REYNOLDS, | ] | |
| Petitioner, | ] | |
| vs. | ] | CIVIL ACTION NO. 02-AR-0225-S |
| THE ATTORNEY GENERAL FOR THE STATE OF ALABAMA, | ] | ENTERED<br>SEP 2 5 2002 |
| Respondents. | ] | |

## MEMORANDUM OF OPINION

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. 28 U.S.C. § 2254. The petitioner, Osmond Reynolds, was convicted on March 4, 1999, in the Circuit Court of Jefferson County, of trafficking in marijuana. He was sentenced on April 19, 1999, to a ten-year split sentence, with three years to be served in custody. The Alabama Court of Criminal Appeals affirmed Reynold's conviction and sentence in a memorandum opinion released on November 19, 1999. Reynolds' application for rehearing was overruled by the Alabama Court of Criminal Appeals on December 17, 1999. On May 12, 2000, the Alabama Supreme Court denied Reynolds' petition for a writ of certiorari and issued a certificate of judgment.

The current habeas corpus petition was filed in this court on January 28, 2002. The petition, prepared by retained counsel Roger C. Appell, consists of seventeen type-written pages, but does not appear to raise any specific claims, although it does contain a section

10

entitled, "The Following Facts Support These Grounds." The petition does, however, state the following:

> In the case of the Petitioner's co-defendant, Weaver Hawkins, the identical factual situation was presented to the Honorable Judge Clemons [sic]. His 28 U.S.C. § 2254 petition was assigned to the Honorable Harwell G. Davis, III, who issued a Report and Recommendation on October 30, 2001. Attached and incorporated by reference is a copy of said report. This decision was later adopted by Judge Clemons [sic] and Hawkins was released pending appeal by the State of Alabama.
> The facts and law are identical in the present case and based on the decision of *Hawkins v. State of Alabama*, CV-00-3432-S, this Petitioner is also due to be released.

In response to the court's order to show cause, the respondents have filed a motion for a more definite statement in which they point out that the petition contains no grounds for relief. The respondents argue that since the petitioner is not proceeding pro se, the "incorporation" of a Report and Recommendation in a separate case filed by Reynolds' co-defendant does not suffice to identify the claims upon which he is seeking relief himself. The respondents have also filed an answer in which they assert that the petition is due to be dismissed because it is barred by the one-year statute of limitations enacted by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The respondents request that their motion for more definite statement be granted if the court finds that the petition is not barred by the statute of limitations.

By order entered March 4, 2002, the parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. On March 21, 2002, the petitioner's attorney requested through a Motion for Enlargement of Time, an additional two weeks in which to respond to

the motion for summary judgment. That motion was granted on March 21, 2002. To date, the petitioner's attorney has filed nothing further with the court.

The AEDPA, effective April 24, 1996, amended 28 U.S.C. § 2244 to read in part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Reynolds' conviction became final on May 12, 2000, when the Alabama Supreme Court denied his petition for a writ of certiorari and issued a certificate of judgment.[1] Thus,

---

[1] There is nothing in the record to indicate that Reynolds filed any collateral petitions in state court that could have tolled the running of the one-year limitations period.

he had until May 11, 2002 to file a § 2254 petition in this court. He did not file this petition until January 28, 2002. Therefore, the petition is due to be dismissed because it is barred by the statute of limitations. An appropriate order will be entered.

DONE this 25th day of September, 2002.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE